FILED - USDC - FLMD - ORL
SEP 1 2026 AM10:49



# UNITED STATES DISTRICT COURT

for the
Middle District of Florida
Orlando Division

Kozette King (Cocoa King)
Danielle King
Howard King III

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Parramore Oaks, LLC
Asset Living Southeast, LLC

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 6:26-CV-1939-AGM-NWH
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [X] Yes [ ] No

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)** Kozette King (Cocoa King), Danielle King, Howard King III

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kozette King alias (Cocoa King), Danille King, Howard King III |
| Street Address | 3913 Trovati St. |
| City and County | Orlando, Orange County |
| State and Zip Code | Florida, 32839 |
| Telephone Number | (407) 242-3975 |
| E-mail Address | goodoledaysatt@yahoo.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Parramore Oaks, LLC |
| Job or Title *(if known)* | Florida Limited Liability Company |
| Street Address | c/o Invictus Development, LLC 600 S. Magnolia Ave., Suite 390 |
| City and County | Tampa, Hillsborough County |
| State and Zip Code | Florida, 33606 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Asset Living Southeast, LLC |
| Job or Title *(if known)* | Foreign Limited Liability Company |
| Street Address | 945 Bunker Hill Rd., 14th floor |
| City and County | Houston, Harris County |
| State and Zip Code | Texas 77024 |
| Telephone Number | 713 782-5800 |
| E-mail Address *(if known)* | info@assetliving.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Fair Housing Act, 42 U.S.C. §§ 3601-3619, including 42 U.S.C. § 3617 (retaliation, coercion, intimidation, threats, and interference), with a private civil action authorized by 42 U.S.C. § 3613. Federal question jurisdiction exists under 28 U.S.C. § 1331 (see attachment 1 page)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ______________________, is a citizen of the State of *(name)* ______________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________. Or is a citizen of *(foreign nation)* ______________________.

b. If the defendant is a corporation

The defendant, *(name)* __________, is incorporated under the laws of the State of *(name)* __________, and has its principal place of business in the State of *(name)* __________. Or is incorporated under the laws of *(foreign nation)* __________, and has its principal place of business in *(name)* __________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendant changed rental agreement amounts, refused rent, refused to renew lease agreement, acted egregious during and after the Fair Housing. Complaint with HUD. The continuing retaliation is documented and reported to HUD, City of Orlando and the Defendants. (See attatchment 3 pages)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff(s) respectfully requests that the Court enter judgment in her favor and against Defendants and award: (See attachment) 1 page
$ 8 million dollars minium.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/1/26

Signature of Plaintiff [signature]

Printed Name of Plaintiff Kozette King

### B. For Attorneys

Date of signing: __________

Signature of Attorney __________

Printed Name of Attorney __________

Bar Number __________

Name of Law Firm __________

Street Address __________

State and Zip Code __________

Telephone Number __________

E-mail Address __________

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Kozette King (Cocoa King)
Danielle King, and
Howard King III,

Plaintiffs,

v. Case No. ____________

PARRAMORE OAKS, LLC, and
ASSET LIVING SOUTHEAST, LLC,

Defendants.

**CONTINUATION OF PAGE 5 — SIGNATURES OF PRO SE PLAINTIFFS**

By signing below, each Plaintiff adopts the Complaint and makes the certification contained in Section V of the Complaint under Federal Rule of Civil Procedure 11.

**PLAINTIFF 2**

Date: 9/1/26

Signature: [signature]

Printed Name: Danielle King

Address: 3913 Trovati St

City, State, ZIP: Orlando, FL 32839

Telephone: (407) 375-6344

Email Address: untitledspirit@gmail.com

**PLAINTIFF 3**

Date: 9/1/26

Signature: [signature]

Printed Name: Howard King III

Address: 3913 Trovati St.

City, State, ZIP: Orlando, FL 32839

Telephone: (407) 866-8135

Email Address: howardking534@gmail.com

**II Jurisdiction section**

**Section A.**

This action arises under the Fair Housing Act, 42 U.S.C. §§ 3601–3619, including 42 U.S.C. § 3617, which prohibits retaliation and interference with the exercise or enjoyment of rights protected by the Fair Housing Act. Plaintiffs bring this civil action pursuant to 42 U.S.C. § 3613. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

The events giving rise to this action occurred at Parramore Oaks Apartments, 750 S. Parramore Avenue, Orlando, Orange County, Florida, within the Orlando Division of the United States District Court for the Middle District of Florida.

## III. STATEMENT OF CLAIM

1. Plaintiffs were three adult leaseholders residing at Parramore Oaks Apartments, 750 S. Parramore Avenue, Orlando, Florida, together with Plaintiff's minor son. The household occupied a three-bedroom designated Low-Income Housing Tax Credit ("LIHTC") affordable unit. Defendant Parramore Oaks, LLC owned and/or operated the property, and Defendant Asset Living Southeast, LLC managed the property and was responsible for leasing and rental operations. Plaintiffs allege that they had no lease violations and timely paid the rent demanded during the relevant period.
2. Plaintiffs' signed lease reflected monthly rent of $1,028. On October 26, 2023, Plaintiff participated in a public protest concerning affordable housing and Parramore Oaks Apartments. On October 31, 2023, Plaintiff filed a Fair Housing complaint with the U.S. Department of Housing and Urban Development ("HUD") concerning her housing, including the failure to renew a lease agreement Plaintiff contends had already been signed. Plaintiff alleges that Defendants thereafter engaged in a continuing course of retaliatory and interfering housing actions while the Fair Housing complaint was pending.
3. In January 2024, Plaintiff went to the rental office to pay the regular monthly rent of $1,028. Management refused to accept the $1,028 payment and informed Plaintiff that the rent was now $1,226. Plaintiffs paid $1,226 for January and February 2024 because they sought to remain in their home and avoid the loss of their affordable housing.
4. On January 22, 2024, Plaintiff received an email informing her that the monthly rent would increase again to approximately $1,600 beginning in March 2024. Plaintiff alleges that the increases were imposed without proper advance notice. From March through July 2024, approximately $1,600 per month was paid despite the household's limited income because Plaintiffs feared eviction, homelessness, and displacement from their affordable housing.
5. On July 3, 2024, an eviction action was filed against Plaintiff despite the rental payments that had been made. Plaintiff alleges that during the eviction proceeding Defendants relied upon a previously retracted, unilateral lease reflecting monthly rent of $1,079. Plaintiff disputes the validity and accuracy of that document and alleges that the valid signed lease reflected monthly rent of $1,028.
6. Plaintiff further alleges that Defendants changed or revised rental invoices and ledger entries covering approximately the prior year to reflect the disputed $1,079 rental amount instead of the $1,028 amount reflected in the signed lease. Plaintiff possesses lease documents, rental records, invoices, ledgers, communications, payment records, and court records that she contends establish these discrepancies.
7. At the August 12, 2024 eviction hearing, Defendants represented to the court that Plaintiff owed more than $7,300 in rent. Judge Eric DuBois addressed the rental dispute using the disputed $1,079 rental amount. Plaintiff alleges that the court determined that her rent had been timely paid, that no outstanding rent was owed,

and that Plaintiff had instead overpaid rent. Following the hearing, Plaintiff was required to pay $1,079 per month rather than the $1,028 reflected in the signed lease that Plaintiff contends was valid.

8. Plaintiff alleges that Defendants' use of the disputed $1,079 rental amount made it appear that additional rent was owed and obscured the extent of the rental increases experienced by the household, including the increase from $1,028 to $1,226 for January and February 2024 and to approximately $1,600 per month from March through July 2024.
9. Plaintiff further alleges that the household was separately assessed water charges that were at times excessive in relation to the household's usage and were subject to later changes or retroactive adjustments. Plaintiff alleges that on some occasions previously billed periods were changed to demand additional payment for prior months. Plaintiffs seek recovery of any excessive, improperly assessed, or retroactively changed water charges proven through the evidence.
10. On or about September 30, 2024, Plaintiff received notice requiring the household to vacate by October 31, 2024. Defendants refused to renew the affordable LIHTC lease on terms the household could afford and required approximately $1,625 per month for Plaintiff and her household to remain at the property.
11. On October 16, 2024, Plaintiff filed a second Fair Housing complaint with HUD alleging continuing retaliation. On October 29, 2024, the eviction action originally filed on July 3, 2024 was dismissed and closed after Plaintiff repeatedly sought dismissal and closure of the case.
12. Plaintiffs were not physically removed from the apartment pursuant to a final eviction judgment. Instead, Plaintiffs allege that Defendants' escalating rental demands, eviction action, disputed rental records, refusal to renew their affordable LIHTC lease on affordable terms, approximately $1,625 demand, and notice to vacate made continued occupancy financially and practically impossible and ultimately forced the household from its affordable home and from the Parramore community.
13. Plaintiff alleges that Defendants' conduct—including refusing the original $1,028 rent payment, repeatedly increasing the rent, pursuing an eviction action despite the rental payments made, relying upon a disputed lease and rental records, refusing to renew the affordable-housing lease on affordable terms, demanding approximately $1,625 per month, and requiring the household to vacate—occurred during and after Plaintiff's protected Fair Housing activity and constituted unlawful retaliation and interference with the exercise and enjoyment of rights protected by the Fair Housing Act, including 42 U.S.C. § 3617.
14. As a result of the alleged conduct and forced displacement, of the three adult household members and minor child lost stable affordable housing and experienced homelessness and/or housing instability, financial hardship, moving and relocation expenses, disruption of family and household stability, increased living expenses, difficulty meeting credit-card and other financial obligations, humiliation, embarrassment, stress, mental anguish, emotional distress, and other economic and noneconomic injuries.

**15. The forced displacement also disrupted the housing stability and well-being of Plaintiff's minor son and caused emotional hardship within the family. Plaintiff alleges that witnessing and experiencing the effect of homelessness and housing instability upon her minor child further contributed to Plaintiff's own emotional distress, mental anguish, humiliation, stress, and hardship.**

**16. Plaintiffs allege that the injuries and losses described above were caused by Defendants' retaliatory and interfering conduct and seek actual and compensatory damages, punitive damages where permitted by law, equitable relief, attorney's fees and costs, and all other relief authorized by law.**

## IV. RELIEF REQUESTED

Plaintiffs respectfully request judgment against Defendants and monetary damages in the amount of **$8,000,000**, minimum and as the jury determines is supported by the evidence, for the injuries and losses suffered by the three adult household members, minor child, including forced displacement and homelessness, loss of stable affordable housing, emotional distress, mental anguish, humiliation, embarrassment, stress, pain and suffering, disruption of family and household stability, and severe financial hardship.

Plaintiffs further seek all proven economic damages, including excess rent payments, excessive and/or retroactively changed water charges, moving and relocation expenses, increased housing expenses, recoverable deposits, credit and bill-related losses, and other out-of-pocket losses caused by the alleged conduct and displacement.

Plaintiffs further allege that the displacement caused substantial hardship and emotional distress within the household, including disruption and emotional hardship experienced by Plaintiff's minor son, and seek all damages arising from these circumstances that Plaintiffs are legally entitled to recover.

Plaintiffs also seek punitive damages to the extent permitted by law, reasonable attorney's fees and costs, appropriate declaratory, injunctive and equitable relief, and all other relief the Court deems just and proper.